UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUBREY LEE CHRISTIAN,

              Petitioner,

                                                CASE NO. 14-13982

v.

                                                HONORABLE SEAN F. COX

PAUL KLEE,

              Respondent.

_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL OF THE HABEAS PETITION (docket no. 8),
DISMISSING THE HABEAS PETITION (docket no. 1),
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Aubrey Lee Christian has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state conviction for a drug offense. Respondent Paul Klee has moved for summary judgment and dismissal of the habeas petition on the ground that Petitioner failed to comply with the one-year statute of limitations. The Court agrees with Respondent that the petition is time-barred. Accordingly, the petition will be denied and the case dismissed with prejudice.

## I.  Background

In 2009, Petitioner was charged in Berrien County, Michigan with five felony counts involving controlled substances. On July 21, 2009, he pleaded guilty to owning, possessing, or using a vehicle, building, structure, place or area, chemical, or laboratory

equipment that he knew or had reason to know would be used to manufacture methamphetamine.  *See* Mich. Comp. Laws § 333.7401c.  In exchange for Petitioner's guilty plea, the prosecutor dismissed the remaining four counts against Petitioner and agreed not to charge Petitioner as a habitual offender.

On August 17, 2009, the trial court sentenced Petitioner to imprisonment for 72 to 240 months (6 to 20 years).  Petitioner was 31 years old at the time.  He applied for leave to appeal his conviction, but later asked the trial court for permission to end the appellate proceedings because he had no viable appellate issues.  He conceded that his guilty plea was voluntary and knowing and that the factual basis was supplied by his testimony at the plea proceeding.  He also implied that he had no basis for challenging his sentence because the sentencing guidelines were correctly scored.  On February 11, 2010, the trial court granted Petitioner's request, permitted appellate counsel to withdraw, and terminated the appellate proceedings.  *See People v. Christian*, Stipulated Order to End Appeal Proceedings and to Permit Counsel to Withdraw, No. 09-016138-FH (Berrien Cty. Cir. Ct. Feb. 11, 2010).

On November 26, 2012, Petitioner filed a *pro se* motion for relief from judgment in the state trial court.  He argued that the prosecution failed to fully explain the details of the plea agreement to him and that his trial and appellate attorneys were ineffective. The trial court found no merit in Petitioner's claims and denied his post-conviction motion on January 17, 2013.  *See People v. Christian*, Order Denying Motion for Relief from Judgment, No. 2009-016138-FH (Berrien Cty. Trial Ct. Jan. 17, 2013).

Petitioner appealed the trial court's decision without success.  The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief

2

under Michigan Court Rule 6.508(D). *See People v. Christian*, No. 317051 (Mich. Ct. App. Dec. 27, 2013). On September 5, 2014, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Christian*, 497 Mich. 852; 852 N.W.2d 172 (2014) (table).

On October 10, 2014, Petitioner signed and dated his habeas corpus petition, and on October 15, 2014, the Clerk of the Court filed the petition.[1] The grounds for relief are: (1) Petitioner is actually innocent of the two counts charging him with delivery or manufacture of marijuana and possession of marijuana; (2) the plea agreement was illusory because two of the dismissed counts were used to increase his sentence; (3) trial counsel was ineffective for (a) failing to raise an affirmative defense, (b) failing to fully explain the plea agreement, (c) allowing the trial court to pressure Petitioner into an illusory plea agreement, (d) failing to appear at sentencing, and (e) failing to argue the scoring of the offense variables; and (4) appellate counsel was ineffective for (a) failing to raise an affirmative defense on direct appeal, (b) failing to properly investigate the trial court proceedings and the illusory plea bargain, and (c) goading Petitioner into allowing his appeal by right to be dismissed.

Respondent argues in his motion for summary judgment and dismissal of the petition that Petitioner's claims are time-barred. Respondent claims that, under Michigan Court Rule 7.205(F)(3), as it read before September 1, 2011, the time for seeking direct review in state court expired on August 17, 2010, one year after Petitioner was sentenced. Respondent contends that, because Petitioner withdrew his

---

[1] At the time, Petitioner was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. On July 9, 2015, Petitioner notified the Court that he is currently confined at the Bradley County Jail in Cleveland, Tennessee. *See* docket no. 10.

appeal, he never really had a direct appeal, and the statute of limitations began to run on August 18, 2010.  According to Respondent, the limitations period expired one year later on August 17, 2011, long before Petitioner filed his habeas corpus petition or his motion for relief from judgment.  Petitioner has not filed a reply to Respondent's motion.

## II.  Analysis

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies here because Petitioner filed his habeas petition after AEDPA became effective on April 24, 1996.  *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  AEDPA established a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus.  *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)).  The period of limitations runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not shown that the State created an impediment to filing a timely habeas petition.  *Cf.* 28 U.S.C. § 2244(d)(1)(B-D).  Consequently, the statute of limitations began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" concludes for purposes of subsection 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.' "  *Id.* at 119-20 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"— when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012)(quoting *Barefoot*, 463 U.S. at 887).

"[W]hen a notice of appeal is voluntarily dismissed, further direct review is not possible," and AEDPA's period of limitations begins to run on the date the appeal is dismissed.  *United States v. Goward*, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010); *accord United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) (stating that the one-year limitations period began to run when the defendant's appeal was voluntarily dismissed); *Salley v. Stevenson*, No. 8:07-2763-HMH-BHH, 2008 WL 2307356, at *4 (D. S.C. May 30, 2008) (concluding in a case filed under § 2254 that the petitioner's conviction became final at the conclusion of direct review, which occurred when the

state court of appeals issued its remittitur following the petitioner's voluntary dismissal of his direct appeal) (unpublished).  "Direct review cannot be prolonged if the defendant voluntarily abandons the effort."  *Goward*, 719 F. Supp. 2d at 794.

## B.  Application

Petitioner was sentenced on August 17, 2009, and he filed a notice of appeal on August 21, 2009.  His conviction became final at the conclusion of direct review, which occurred on February 11, 2010, when the trial court granted Petitioner's request to withdraw his appeal to the Michigan Court of Appeals.  Petitioner had one year from then (until February 11, 2011) to file his habeas corpus petition.  *See Gomez v. United States*, Nos. 1:09-cv-276 and 1:06-cr-30, 2010 WL 1609412, at *2 (E.D. Tenn Apr. 20, 2010) (explaining that the one-year statute of limitations for filing a motion to vacate sentence under 28 U.S.C. § 2255 expired one year after the defendant voluntarily dismissed his appeal) (unpublished).

Petitioner did not file his habeas corpus petition until October of 2014, and even though the limitations period is tolled while a properly filed post-conviction motion is filed in state court, 28 U.S.C. § 2244(d)(2), Petitioner filed his motion for relief from judgment in state court on November 26, 2012.  This was more than a year and a half after the February 11, 2011, deadline for filing his habeas petition.  The post-judgment motion did not re-start the clock at zero, nor revive the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)).  In other words, the tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Rashid*, 991 F. Supp. at

6

259.  The Court concludes that the habeas petition is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.

## C.  Equitable Tolling

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' "  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)).  But a habeas petitioner is entitled to equitable tolling of the limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has not argued in favor of equitably tolling, nor even acknowledged that the limitations period expired before he filed his habeas petition.  Furthermore, he did not pursue his rights diligently, and there is no reason to believe that some extraordinary circumstance prevented him from filing a timely habeas petition.  The Court therefore declines to equitably toll the limitations period.

## D.  Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is the expiration of the statute of limitations.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  Nevertheless,

> tenable actual-innocence gateway pleas are rare:  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that,

in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup* [*v. Delo*, 513 U.S. 298, 329 (1995)]; see *House* [*v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*Id*.

Although Petitioner claims to be actually innocent of two counts that were used to score the state sentencing guidelines, those counts were dismissed as part of his plea bargain. Petitioner does not claim to be innocent of the offense for which he was convicted and sentenced. In fact, he pleaded guilty to the offense. His plea serves as an admission that he is not innocent of the charged crime. *Luster v. United States*, 168 F.3d 913, 916 (6th Cir. 1999) (citing *United States v. Skinner*, 25 F.3d 1314, 1316 (6th Cir. 1994)).

### III.  Conclusion

Petitioner filed his habeas corpus petition more than a year after his conviction became final, and application of the doctrine of equitable tolling is not appropriate under the circumstances present here. Petitioner also has not made a credible showing of actual innocence. Accordingly, Respondent's motion for summary judgment and dismissal of the habeas petition (docket no. 8) is granted, and the habeas petition (docket no. 1) is dismissed as untimely.

### IV.  Regarding a Certificate of Appealability and the Appellate Filing Fee

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  When, as here,

> the district court denies a habeas petition on procedural grounds without
> reaching the prisoner's underlying constitutional claim, a [certificate of
> appealability] should issue when the prisoner shows, at least, that jurists
> of reason would find it debatable whether the petition states a valid claim
> of the denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's habeas petition is clearly time-barred.  Consequently, reasonable

jurists would not find the Court's procedural ruling debatable.  Reasonable jurists also

would not find it debatable whether the petition states a valid claim of the denial of a

constitutional right.  The Court therefore declines to issue a certificate of appealabilty.

The Court also denies leave to appeal *in forma pauperis* because, even though

Petitioner was granted leave to proceed *in forma pauperis* in this Court, an appeal could

not be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3)(A).


Dated:  October 30, 2015                 s/ Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Judge


I hereby certify that on October 30, 2015, the document above was served on counsel
and/or the parties of record via electronic means and/or First Class Mail.

                                         s/ Jennifer McCoy
                                         Case Manager